IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARRY DAVIS,  )<br>  )<br>       Plaintiff, )<br>  )<br>v.  )<br>  )<br>HOME DEPOT U.S.A., INC., a foreign )<br>corporation, and THE HOME DEPOT d/b/a )<br>HOME DEPOT U.S.A., INC.,  )<br>  )<br>       Defendant.  ) | No.:<br><br><br><br>Cook County Court No.: 21 L 065088 |

## NOTICE OF REMOVAL

NOW COMES the Defendant, **THE HOME DEPOT U.S.A., INC.**, by and through its attorneys, Heather D. Erickson and Meghan D. White of **SANCHEZ DANIELS & HOFFMAN LLP**, and hereby removes the action filed in the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 28 U.S.C. § 1332 and in support thereof states as follows:

1. Removal is proper in this case based on diversity jurisdiction when (1) Defendant timely filed its Notice of Removal within thirty days of service of the Complaint; (2) there is complete diversity of citizenship between the Plaintiff and the Defendant; and (3) the amount in controversy exceeds $75,000.00.

2. Removal based on diversity requires that the parties be of diverse state citizenship and that the amount in controversy exceed $75,000.00. *See* 28 U.S.C. §§ 1332, 1441. The party seeking removal has the burden of establishing federal jurisdiction. *Id.* The defendant meets this burden by supporting its allegations of jurisdiction with "competent proof," or evidence which proves "to a reasonable probability that jurisdiction exists." *See Chase v. Shop 'N Save Warehouse, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

3. A defendant seeking to remove a case in diversity jurisdiction must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b).

4. On September 27, 2021, the Plaintiff, Garry Davis, filed a Complaint in the Circuit Court of Cook County, Illinois, Case No. 2021 L 065088, against The Home Depot USA, Inc. based upon a negligence and premises liability theory. A copy of the Original Complaint is attached as Exhibit "A."

5. On October 6, 2021, the Defendant, The Home Depot U.S.A., Inc. was served with the Summons and Complaint. A copy of the Summons is attached as Exhibit "B."

6. Defendant, The Home Depot U.S.A., Inc. is citizen of Delaware and Georgia as it is a Delaware corporation with its principal place of business and headquarters located at 2455 Paces Ferry Road, Atlanta, Georgia. *See* the online corporate records of the Georgia Secretary of State regarding The Home Depot U.S.A., Inc., available at http://cgov.sos.state.ga.us, the State of Georgia 2015 Corporation Annual Registration filed on behalf of The Home Depot U.S.A., Inc., and the online corporate records of the Delaware Secretary of State regarding The Home Depot U.S.A., Inc., available at http://delecorp.delaware.gov, collectively attached hereto as Exhibit C.

7. The Court may judicially notice public records and government documents, including those available from reliable sources on the Internet. *See Heisner ex rel. Heisner v. Genzyme Corp.,* No. 08–C–593, 2008 WL 2940811, at *1 (N.D. Ill. July 25, 2008); *see also Belleville Catering Co. v. Champaign Market Place, L.L.C.,* 350 F.3d 691, 693 (7th Cir. 2003).

8. Plaintiff is a resident and citizen of Illinois.

9. Accordingly, there exists a complete diversity of citizenship between the Plaintiff and the Defendant, now, and at the time of the incident complained of in the Plaintiff's Complaint.

10. Plaintiff's Complaint in this case specifically alleges that Plaintiff "suffered injuries and damages of a personal, pecuniary, and permanent nature." *See* Exhibit A, paragraph 14. Moreover, Plaintiff's counsel executed an Illinois Supreme Court Rule 222(b) Affidavit, stating that "the damages sought in this matter exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS." *See* Exhibit A, page 7.

11. Hence, there is a reasonable probability that the amount in controversy exceeds and the Plaintiff hopes to receive or recover in excess of $75,000.00. *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815-16 (7th Cir. 2006).

12. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1332(a) as the Plaintiff and the Defendant are citizens of different states, and the amount in controversy is in excess of $75,000. As such, the underlying State court action is one which may be removed to this Court by the Defendant pursuant to provisions of 28 U.S.C. §1441.

13. This Notice of Removal is timely in that it is filed within thirty (30) days from October 6, 2021, the date The Home Depot U.S.A., Inc. received a copy of the Summons and Complaint. 28 U.S.C. § 1446(b).

14. A copy of this Notice for Removal will be promptly served upon the Plaintiff and filed with the Clerk of the Circuit Court of Cook County, Illinois in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, the Defendant, THE HOME DEPOT U.S.A., INC., prays that this cause proceed in this Court as an action properly removed from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois.

Dated: November 4, 2021

Respectfully submitted,

**SANCHEZ DANIELS & HOFFMAN LLP**

By: /s/Meghan D. White
    Attorneys for Defendant,
    THE HOME DEPOT U.S.A., INC.

Heather D. Erickson (#6269711)
Meghan White (#6324839)
**SANCHEZ DANIELS & HOFFMAN LLP**
333 West Wacker Drive, Suite 500
Chicago, Illinois 60606
(312) 641-1555
herickson@sanchezdh.com
mwhite@sanchezdh.com