FILED
9/27/2021 2:46 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L065088

14919PI:SCA:cac

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| GARRY DAVIS, )<br><br>    Plaintiff, )<br><br>v. )<br><br>HOME DEPOT U.S.A., INC., a foreign )<br>corporation, and THE HOME DEPOT d/b/a )<br>HOME DEPOT U.S.A., INC., )<br><br>    Defendants. ) | 2021L065088<br><br>Amount: In Excess of One Hundred Thousand Dollars ($100,000.00) Plus the Costs of This Suit. |

### COMPLAINT AT LAW

NOW COMES the Plaintiff, GARRY DAVIS, by and through his attorneys, THE

VRDOLYAK LAW GROUP, LLC, and complaining of the Defendants, HOME DEPOT U.S.A,

INC., a foreign corporation, and HOME DEPOT, states as follows:

### COUNT I –GARRY DAVIS v. HOME DEPOT U.S.A., INC., a foreign corporation

1.    That on and before November 23, 2019, and at all relevant times herein,

Defendant HOME DEPOT U.S.A, INC. was a foreign corporation doing business under the laws

of Illinois.

2.    That on or about November 23, 2019, and at all relevant times herein, Defendant

HOME DEPOT U.S.A., INC., did own, operate, manage, maintain, and control a certain building,

located at or near 7300 W. 159th Street, Orland Park, Illinois (hereinafter "the Premises").

3.    That at the aforesaid time and place, and at all relevant times herein, the

Defendant made the Premises available to Plaintiff GARRY DAVIS, and said property was, in

fact, used by the Plaintiff.

-1-

**Exhibit A**

4.     That at the aforesaid time and place, and at all relevant times herein, the Defendant invited and allowed Plaintiff GARRY DAVIS to enter upon the Premises and the Plaintiff was, in fact, lawfully upon the Premises.

5.     That at the aforesaid time and place, and at all relevant times herein, the Plaintiff was an intended and permitted user of the Premises owned by the Defendant.

6.     That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for his own safety and the safety of others; that care being commensurate with his age, intellect, and mental capacity and with the physical circumstances existent at such time and place.

7.     That at the aforesaid time and place, the Plaintiff was then and there lawfully upon the Premises when she did suffer injuries in or at the Premises due to a defective condition on the Premises thereon consequential to the negligence of Defendant HOME DEPOT U.S.A, INC. to wit: inadequate lighting and negligently maintained/obstructed entryway and negligently placed cart, causing the Plaintiff to fall and be injured.

8.     That the aforesaid unreasonably dangerous condition was present at the Premises consequential to the negligence of the Defendant and/or its employees, agents, or servants as hereinafter set forth.

9.     That the aforesaid unreasonably dangerous condition was not open and obvious to the Plaintiff, who was then and there in the exercise of due care and caution.

10.    That at the aforesaid time and place, and at all relevant times herein, the Defendant had actual or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

11.    That at the aforesaid time and place, and at all relevant times herein, Defendant HOME DEPOT U.S.A, INC., had either actual or constructive notice that its failure to either

-2-

remedy or repair the aforesaid unreasonably dangerous condition, resulted in a high probability that others lawfully upon the Premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

12.     That at the aforesaid time and place, and at all relevant times herein, the Defendant owed a duty to the Plaintiff to refrain from negligent conduct which would endanger the safety of the Plaintiff, said duty included, but was not limited to, the remedy, repair, and maintenance of the Premises in order to guard against foreseeable injuries to third parties proximately caused by the aforesaid unreasonably dangerous condition. Moreover, the Defendant could not delegate its duty to remedy, repair, maintain or to otherwise make safe for the Plaintiff and the general public the Premises to its agents, servants, or independent contractors.

13.     That at the aforesaid time and place, Defendant HOME DEPOT U.S.A, INC., negligently breached its duty to the Plaintiff, by acting with disregard for the safety of the Plaintiff, through one or more of the following acts and/or omissions:

(a)     permitted and allowed the aforesaid unreasonably dangerous condition at the Premises to be and remain in an unreasonably dangerous condition;

(b)     failure to remedy or repair the aforesaid unreasonably dangerous condition at the Premises;

(c)     failed to adequately maintain the Premises;

(d)     maintained the Premises in an open, defective condition for an unreasonable length of time;

(e)     caused and created and/or allowed the aforesaid unreasonably dangerous condition to remain at the Premises through the Defendant's negligence;

(f)     failed to warn the Plaintiff of the aforesaid unreasonably dangerous condition of the Premises;

14.     As a direct and proximate result of one or more of the aforesaid acts and/or omissions of Defendant HOME DEPOT U.S.A, INC., Plaintiff GARRY DAVIS suffered injuries

and damages of a personal, pecuniary, and permanent nature.

WHEREFORE, Plaintiff GARRY DAVIS demands judgment against HOME DEPOT USA, INC., for a sum in excess of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS, plus costs of this suit.

## COUNT II–GARRY DAVIS v. THE HOME DEPOT d/b/a HOME DEPOT U.S.A., INC.

1.      That on or about November 23, 2019, and at all relevant times herein, Defendant THE HOME DEPOT d/b/a HOME DEPOT U.S.A, INC., did own, operate, manage, maintain, and control a certain building, located at or near 7300 W. 159th Street, Orland Park, Illinois (hereinafter "the Premises").

2.      That at the aforesaid time and place, and at all relevant times herein, the Defendant made the Premises available to Plaintiff GARRY DAVIS, and said property was, in fact, used by the Plaintiff.

3.      That at the aforesaid time and place, and at all relevant times herein, the Defendant invited and allowed Plaintiff GARRY DAVIS to enter upon the Premises and the Plaintiff was, in fact, lawfully upon the Premises.

4.      That at the aforesaid time and place, and at all relevant times herein, the Plaintiff was an intended and permitted user of the Premises owned by the Defendant.

5.      That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for his own safety and the safety of others; that care being commensurate with his age, intellect, and mental capacity and with the physical circumstances existent at such time and place.

6.      That at the aforesaid time and place, the Plaintiff was then and there lawfully upon the Premises when she did suffer injuries in or at the Premises due to a defective condition on the Premises thereon consequential to the negligence of Defendant THE HOME DEPOT

-4-

d/b/a HOME DEPOT U.S.A, INC., to wit: inadequate lighting and negligently maintained/obstructed entryway and negligently placed cart, causing the Plaintiff to fall and be injured.

7.  That the aforesaid unreasonably dangerous condition was present at the Premises consequential to the negligence of the Defendant and/or its employees, agents, or servants as hereinafter set forth.

8.  That the aforesaid unreasonably dangerous condition was not open and obvious to the Plaintiff, who was then and there in the exercise of due care and caution.

9.  That at the aforesaid time and place, and at all relevant times herein, the Defendant had actual or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

10. That at the aforesaid time and place, and at all relevant times herein, Defendant THE HOME DEPOT d/b/a HOME DEPOT U.S.A., INC., had either actual or constructive notice that its failure to either remedy or repair the aforesaid unreasonably dangerous condition, resulted in a high probability that others lawfully upon the Premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

11. That at the aforesaid time and place, and at all relevant times herein, the Defendant owed a duty to the Plaintiff to refrain from negligent conduct which would endanger the safety of the Plaintiff, said duty included, but was not limited to, the remedy, repair, and maintenance of the Premises in order to guard against foreseeable injuries to third parties proximately caused by the aforesaid unreasonably dangerous condition. Moreover, the Defendant could not delegate its duty to remedy, repair, maintain or to otherwise make safe for the Plaintiff and the general public the Premises to its agents, servants, or independent contractors.

12.     That at the aforesaid time and place, Defendant THE HOME DEPOT d/b/a HOME DEPOT U.S.A, INC., negligently breached its duty to the Plaintiff, by acting with disregard for the safety of the Plaintiff, through one or more of the following acts and/or omissions:

(a)     permitted and allowed the aforesaid unreasonably dangerous condition at the Premises to be and remain in an unreasonably dangerous condition;

(b)     failure to remedy or repair the aforesaid unreasonably dangerous condition at the Premises;

(c)     failed to adequately maintain the Premises;

(d)     maintained the Premises in an open, defective condition for an unreasonable length of time;

(e)     caused and created and/or allowed the aforesaid unreasonably dangerous condition to remain at the Premises through the Defendant's negligence;

(f)     failed to warn the Plaintiff of the aforesaid unreasonably dangerous condition of the Premises;

14.     As a direct and proximate result of one or more of the aforesaid acts and/or omissions of Defendant THE HOME DEPOT d/b/a HOME DEPOT U.S.A, INC., Plaintiff GARRY DAVIS suffered injuries and damages of a personal, pecuniary, and permanent nature.

WHEREFORE, Plaintiff GARRY DAVIS demands judgment against THE HOME DEPOT d/b/a HOME DEPOT U.S.A, INC., for a sum in excess of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS, plus costs of this suit.

_____
Attorney for Plaintiff

**THE VRDOLYAK LAW GROUP, LLC. - #41535**
By: Steven C. Armbruster
9618 South Commercial Avenue
Chicago, Illinois 60617
(773) 731-3311
sarmbruster@vrdolyak.com
bbenefield@vrdolyak.com

-6-

14919PI:SCA:cac

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| GARRY DAVIS, | ) | **2021L065088** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Amount: In Excess of One Hundred |
| HOME DEPOT U.S.A., INC., a foreign | ) | Thousand Dollars ($100,000.00) Plus the |
| corporation, and THE HOME DEPOT d/b/a | ) | Costs of This Suit. |
| HOME DEPOT U.S.A., INC., | ) | |
| Defendants. | ) | |

### AFFIDAVIT PURSUANT TO RULE 222(b)

I, Steven C. Armbruster, attorney for Plaintiff GARRY DAVIS, state that the damages sought in this matter exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that I verily believe the same to be true.

_____
Attorney for Plaintiff

**THE VRDOLYAK LAW GROUP, LLC. - #41535**
By: Steven C. Armbruster
9618 South Commercial Avenue
Chicago, Illinois 60617
(773) 731-3311
sarmbruster@vrdolyak.com
bbenefield@vrdolyak.com

-7-